# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-53-TLS |
| | ) | |
| TIMOTHY REDD | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's pro se Motion for Reduction of Sentence Pursuant to 28 U.S.C. §3582(c)(2) [ECF No. 390], filed on November 21, 2011.

## BACKGROUND

The Defendant, Timothy Redd, was charged with conspiring with others to distribute crack cocaine from about June 2003 to July 8, 2003 (Count 1). The Defendant was also charged with two counts of possessing with intent to deliver crack cocaine (Counts 2 & 3); using an automobile as a dangerous and deadly weapon to forcibly assault, resist, oppose, impede, intimidate, and interfere with a law enforcement agent who was engaged in his official duties (Count 4); possessing a firearm in furtherance of a drug trafficking crime (Count 5); and transporting in interstate commerce a firearm after being convicted of a felony (Count 6).

On March 15 a jury returned guilty verdicts as to Counts 1, 2, 3, and 4 and not guilty verdicts as to the firearm offenses, Counts 5 and 6 of the Superceding Indictment. On August 1, 2005, the Court found that the Defendant was responsible for 55.48 grams of crack cocaine and sentenced him to 405 months imprisonment on Counts 1, 2, and 3, which represented the high end of the advisory guideline range. The Court sentenced the Defendant to 240 months imprisonment on Count 4, with all terms to be served concurrently.

In 2007, the Sentencing Commission reduced the base offense levels for crack cocaine offenses and made the changes retroactive, *see* U.S.S.G. § 2D1.1(c) (Appendix C, Amendment 706), pursuant to 18 U.S.C. § 3582(c)(2). In June 2008, the Defendant moved for a reduction in his sentence because the amended guideline provision reduced his base offense level to 34. On July 14, 2008, the Court reduced the Defendant's sentence to 327 months imprisonment for counts 1, 2, and 3, which represented the top of the sentencing guideline range. Ten months later, the Defendant filed a motion to argue that the Court did not give him as great a reduction as the law warranted. The Court denied the motion and the Seventh Circuit affirmed, holding that the Defendant could not file a successive request for a lower sentence unless the Commission again changed the Guidelines and made those changes retroactive.

The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372 (2010), signed into law effective August 3, 2010, reduced the disparity between sentences involving crack cocaine and powder cocaine and "reset drug quantities required to trigger mandatory sentences." *See United States v. Vance*, 659 F.3d 613, 616 (7th Cir. 2011). The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines " 'to achieve consistency with other guideline provisions and applicable law.' " Pub.L. No. 111–220 at § 8, 124 Stat. at 2374. The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. See U.S.S.G. Manual App. C, Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment

750). The Defendant moves for a sentence reduction pursuant to § 3582(c)(2) and in accordance with Amendment 750. The Government opposes a reduction.

## ANALYSIS

Section 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As the Defendant acknowledges, whether to reduce a defendant's sentence under these circumstances is a matter of the court's discretion. *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009); *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009) (noting that a § 3582(c)(2) "modification is discretionary even for a defendant whose Guideline range has been retroactively lowered"). This discretion applies to the decision whether to grant any reduction and also to the amount of any reduction. *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

Pursuant to Guideline §1B1.10, as amended effective November 1, 2011, the Defendant's adjusted total offense level is 30. This, along with the Defendant's criminal history category of VI yields a Guideline range of 168 to 210 months of imprisonment. The Defendant argues that the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction in his term of imprisonment, and requests that his sentence be reduced to the low end of the new Guideline range. He contends that a sentence of 168 months or less is in conformity with all applicable policy statements

3

issued by the Sentencing Commission and is the sentence the Court would have imposed has the amended guidelines been in effect when he was originally sentenced. The Government, in its Response in Opposition to Defendant's Motion for Reduction of Sentence [ECF No. 401], agrees that 168 to 210 months is the Guideline range that accords with Amendment 750, but urges the Court to use its discretion to deny the Defendant's Motion, leaving his current sentence of 327 months intact.

When determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), some of the factors the district court will consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, as well as the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further criminal activity on the part of the defendant. 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10, Application Note 1(B)(i). The court must also consider the nature and seriousness of the danger to the community that may be posed by a reduction, and may consider the defendant's conduct while imprisoned. U.S.S.G. § 1B1.10, Application Note 1(B)(ii), (iii). In a § 3582(c)(2) proceeding, the court "cannot make findings inconsistent with that of the original sentencing court," *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009), but it can make new findings that are supported by the record and not inconsistent with the findings made in the context of determining the original sentence, *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010).

Upon review of the record and consideration of the reduction factors, the Court will grant the Defendant's request for a sentence reduction, but not to the extent he requests. A sentence of 210 months imprisonment takes into account the serious nature of the Defendant's offense,

4

adjusted for the recognized disparity in convictions involving crack-cocaine and powder cocaine. This term of imprisonment takes into account the Defendant's drug activity, his forcible resistance of arrest by use of an automobile, his display of a firearm, and his obstruction of justice. The sentence accounts for the seriousness of the offense and the Defendant's criminal history and, as such, protects the public from future crimes of the Defendant, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct. It is the sentence that the Court would have imposed had the amended Guidelines been in effect when the Defendant was originally sentenced. The Court has considered the impact of this reduction on the public safety and finds 210 months an adequate term of imprisonment to address those concerns. The Defendant was thirty years old when he committed the offenses at issue. Even with the reduction, he will be nearly forty-eight years old when he completes his sentence. Numerous family members have written the Court, not only noting the positive changes they have observed in the Defendant, but expressing their willingness and ability to provide financial and emotional support to the Defendant upon his release from prison. During his imprisonment, the Defendant has completed his GED and taken advantage of various educational courses and counseling to address his addictions. Moreover, although the Defendant had five prison disciplinary issues over the course of one year—from October 2008, to October 2009—his record does not show any disciplinary reports since that time. Although these facts do not, in this Court's view, support a reduction to the low end of the revised Guideline range in light of the other relevant factors, they are consistent with the Court's decision for a reduction to 210 months.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Defendant's Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 3582(c)(2) [ECF No. 390]. The Defendant's previously imposed sentence of 327 months on Counts 1, 2, and 3 of the Superceding Indictment is reduced to 210, which is within the amended Guideline range. The 240-month term of imprisonment imposed for Count 4 for assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer remains unchanged, and all terms are to be served concurrently. Except as provided in this Opinion and Order, all provisions of the judgment dated August 2, 2005, remain in effect.

SO ORDERED on April 19, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT